[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Tomlinson Hawley Patterson, Inc. ("THP") and Third Party Defendant Ultimate Concrete, Inc. ("Ultimate") have both separately filed motions for summary judgment on the cross claim and counter claim filed by cross claim/counter claim plaintiff/defendant Leach Building Company, Inc. ("Leach"). Defendant Leach filed a Memorandum in Opposition to the Motions.
The sole issue for this court to resolve is whether or not a contractual provision in the contract between Leach and THP protects THP and Ultimate from claims by Leach. For reasons more fully set forth herein, this court finds in favor of the movants and grants their motions for summary judgment.
This case arises out of a fall which occurred in 1996 by an employee of Ultimate. Leach had been hired to do renovations in Yale Law School. Leach, as General Contractor, contracted with THP as a sub-contractor to provide demolition and concrete work. THP, in turn, contracted with Ultimate to perform some of the sub-contractual obligations. In the originating action, the plaintiff brought claims of negligence against Leach and THP. Ultimate, as the plaintiffs employer, paid Worker's Compensation to him. Ultimate then intervened in the action seeking reimbursement for monies paid pursuant to the Worker's Compensation Act. Leach then brought a Counter Claim against Ultimate and a Cross Claim against THP alleging negligence on their parts.
Both THP and Ultimate move for judgment against Leach relying on the language in the contract between Leach and THP. Said language provides that the parties agreed to waive all rights against one another for certain damages, and THP, the subcontractor agreed to require all sub-sub-contractors to execute a similar waiver[1].
There is no dispute that Leach was the General Contractor. Nor is there a dispute that Ultimate was a sub-subcontractor of THP. The dispute is CT Page 12122 regarding whether or not the contractual language is clear and unambiguous so as to support a finding of judgment for the movants.
Leach argues that there are facts in dispute which preclude the granting of the motion. Specifically, it relies on excerpts from the plaintiffs expert's deposition which state, it claims, that any negligence of Leach would be technical and would depend on an interpretation of the Occupational Safety and Health Act ("OSHA") regulations. Thus, Leach claims that its negligence, if any, results from supervisory responsibility and not actual direct negligence. It further argues that the legal presumptions upon which the movants arguments are based are faulty. In particular, Leach claims that the issue of intent precludes the granting of the motions, and that there is no legal support for the movants position.
This court finds that, while a question of contract interpretation ordinarily requires an inquiry into the intent of the parties, and therefore, usually is a question of fact, in the instant case the language of the contract is plain and therefore, the intent of the parties may be resolved as an issue of law. See, Levine v. Massey,232 Conn. 272, 277 (1995).
This court (Rittenband) has previously interpreted the provision at issue in this matter in an unrelated case. Maryland Casualty Co. v. TraneCo., Et. Al., Superior Court, judicial district of Hartford, Docket No. 980579889 (August 10, 1999, Rittenband, J.). Although that case is somewhat inapposite to the instant one, the court's interpretation of the contractual section is applicable. The waiver in section 21 precludes Leach from pursuing THP for any alleged negligence. As an agent of THP, Ultimate may rely upon this waiver, too. Interestingly, Leach is apparently the drafter of the contractual language at issue in this case. This language bars its recovery against THP and against Ultimate. Accordingly, the motions for judgment are granted.
 ___________________ Angela Robinson-Thomas, Judge